IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO VILLALPANDO,

      Plaintiff,                    No. CIV S-08-2130 LKK GGH

   vs.

CITRUS HEIGHTS POLICE DEPARTMENT, et al.,

      Defendants.               ORDER

_____/

      Presently before this court is defendants' motion to compel discovery and for monetary sanctions, filed June 2, 2009.  The matter was submitted without oral argument as plaintiff filed no opposition.  Having reviewed defendants' motion, the court now issues the following order.

BACKGROUND

      This action was brought by plaintiff who alleges violations under 42 U.S.C. §§ 1983 and 1988 for an unreasonable seizure and unlawful arrest by defendants as a result of a traffic stop.  The complaint also alleges supervisory liability pursuant to an official policy, practice or custom.  Plaintiff seeks damages.

      The instant motion concerns discovery propounded by defendants Citrus Heights Police Department, Officer Culver, Officer Lee, and the City of Citrus Heights.  Defendants

allege a total failure to provide initial disclosures, respond to defendants' interrogatories, and respond to requests for production of documents, set one.  Defendants seek an order requiring initial disclosures and responses without objection, and for sanctions for bringing the motion in the amount of $1,650.

DISCUSSION

Since plaintiff has not opposed the motion, defendants' version of events is accepted.  Plaintiff was to provide initial disclosures within fourteen days after the court's status pretrial scheduling conference of December 15, 2008.   Although defendants provided their initial disclosures on October 20, 2008, plaintiff never provided his initial disclosures.  The discovery requests were propounded on April 21, 2009, with responses due May 16, 2009.  Plaintiff did not request any extensions of time to respond.  Prior to serving the motion to compel, defense counsel sent a letter to plaintiff by facsimile, outlining plaintiff's failures to provide discovery.  Defense counsel also scheduled a meet and confer telephone conference for June 4, 2009, which was to occur after the June 2, 2009 filing of the instant motion to compel.  Defense counsel states that if plaintiff agreed to provide discovery at the June 4th telephone conference, defendants would withdraw the motion.  Defendants have not withdrawn the motion.  Plaintiff still has not responded to any of the discovery.  Tonon Decl., Ex. E.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules."  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983).  Professors Wright and Miller have opined:

> Any failure to disclose, regardless of the reason for it, brings the sanctions of Rule 37 into play, although the reason for the failure is an important consideration in determining what sanction to impose. If the failure is because of inability to comply, rather than because of willfulness, bad faith, or any fault of the party, the action may not be dismissed, nor a default judgment given, and less severe sanctions are the most that should be invoked.

8A C. Wright & A. Miller, Federal Practice and Procedure, § 2284, at 620-22 (1994).

1  Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

2        If the motion is granted - or if the disclosure or requested discovery
is provided after the motion was filed - the court must, after giving
3        an opportunity to be heard, require the party or deponent whose
conduct necessitated the motion, the party or attorney advising that
4        conduct, or both to pay the movant's reasonable expenses incurred
in making the motion, including attorney's fees.  But the court
5        must not order this payment if:
(i) the movant filed the motion before attempting in good faith
6        effort to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was
7        substantially justified; or
(iii) other circumstances make an award of expenses unjust.

9  Fed. R. Civ. P. 37(a)(5)(A).

10        "[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient

11  party to show that his failure is justified or that special circumstances would make an award of

12  expenses unjust.  Notes of the Advisory Committee on Rule 37." David v. Hooker, 560 F.2d

13  412, 419 (9th Cir. 1977).

14        The conduct of plaintiff and his counsel necessitated defendants bringing the

15  instant motion, and required the court to devote its own resources to this matter.  Plaintiff's

16  counsel did not file an opposition or satisfactorily explain why he did not seek to apprise the

17  court of these problems through an *ex parte* motion or seek continuances from defendants'

18  counsel.  This situation has all the earmarks of purposeful foot dragging on discovery.

19        Defendants have been forced to expend unnecessary time, effort and costs in

20  seeking straightforward discovery, due directly to the unexcused delay of plaintiff and his

21  counsel.  Defendants' counsel seeks an award of attorneys' fees in the amount of $1650.  See

22  Decl. of Gayle Tonon, at 5.

23        Litigation is costly enough without unnecessarily adding to the pain.  And, a

24  plaintiff's counsel who may well be representing plaintiff on a contingency is hardly in a position

25  to pay fees to his adversary's counsel within the course of a litigation.  However, litigation is

26  costly for both sides, and when a party is compelled to waste time seeking to compel disclosures

which should have been forthcoming, the law provides that sanctions *shall* be imposed to reimburse the innocent party when the defaulting party has not interposed a justifiable reason for not timely responding.  Plaintiff's delay here was not justifiable, and without an explanation in the record, will be faulted against both plaintiff and his counsel.  Therefore, sanctions will be imposed against plaintiff and his attorney jointly and severally.

Defendant's requested amount of $1650 will be reduced to reflect the lack of a reply and appearance at hearing, as well as the lack of a joint statement or declaration regarding the meet and confer scheduled for June 4, 2009.   The remainder of the request is reasonable and will be honored.  The court concludes that these expenses were reasonably incurred, and caused by the failure of plaintiff and his counsel who were not substantially justified.  No circumstances exist to render such an award unjust.

The initial disclosures and aforementioned discovery responses shall be provided without objections.  Plaintiff's failure to comply with this order will result in a recommendation that the case be dismissed.

CONCLUSION

For the reasons stated herein, IT IS ORDERED that:

1. Defendants' motion to compel discovery and for sanctions, filed June 2, 2009, is granted.

2. Within **ten** days of this order, plaintiff shall respond to all outstanding discovery as outlined herein.

3. Defendants are awarded attorneys' fees in the amount of $825 against plaintiff and his counsel jointly and severally.  Payment shall be made directly to defendants within thirty days of this order.

DATED:   07/06/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Villalpando2130.san.wpd

4