UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO VILLALPANDO,

          Plaintiff,

    v.

CITRUS HEIGHTS POLICE DEPARTMENT, OFFICER CULVER, OFFICER MICHAEL LEE, and CITY OF CITRUS HEIGHTS,

          Defendants.

NO. CIV. S-08-2130 LKK/GGH

O R D E R

This case concerns the search of plaintiff Sergio Villalpando and his automobile, and plaintiff's subsequent arrest, following a traffic stop. Plaintiff's Complaint names four defendants and enumerates one cause of action against all defendants and one against defendant Culver alone. Defendants move for summary judgment on both causes of action. For the reasons stated below, the motion for summary judgment is granted in part.

## I. BACKGROUND

Defendants Citrus Heights Police Department ("CHPD"),

1

1  Officer Nathan Culver ("Culver"), Officer Michael Lee ("Lee"),
2  and City of Citrus Heights ("City") filed a motion for summary
3  judgment on August 31, 2009. The motion was heard on October 13,
4  2009.

5  On April 11, 2008, plaintiff drove past Officers Culver and
6  Lee with a scratched and smokey license plate cover obscuring
7  his front plate.[1] Officer Culver activated the red lights on his
8  police vehicle to conduct a traffic stop of plaintiff believing
9  he did not have a front license plate. Officers Culver and Lee
10 observed plaintiff hesitate for a few seconds and noticed some
11 movement in the passenger seat of his vehicle. Defendants
12 contend this behavior was suspicious, however plaintiff argues
13 that this behavior was not sufficient to rise to the level of
14 suspicious.

15 The officers informed Villalpando that he was pulled over
16 because he did not have a license plate. Villalpando responded
17 that he had a license plate, but that it was difficult to see
18 underneath the license plate cover. Nonetheless, the scratched
19 and smokey license plate cover constituted a vehicle code
20 violation itself. As such, Officer Culver asked plaintiff to
21 provide his driver's license, vehicle registration, and proof of
22 insurance. Plaintiff told the officers that his license was
23 suspended. Plaintiff contends that he provided the officers with
24 another form of photo identification. Subsequently, Officer

---

[1] Unless otherwise noted, all facts are undisputed by parties.

2

Culver asked Villalpando to exit his vehicle, and Villapando complied.

The officers conducted a "pat-down" search of Villalpando. Plaintiff argues that he did not consent to the search; defendants, however, say that he did consent to the search. Defendants contend this search was for the purpose of finding identification, however, plaintiff argues that the purpose could not have been for identification because he already provided the officers with photo identification. Officer Culver began the pat down, and Officer Lee completed the search. Plaintiff contends that Officer Lee threw him against his vehicle. While conducting the pat down, Lee felt a plastic bag containing pills. Upon removing the bag, Lee identified the pills as Hydrocodone, commonly known as Vicodin. Officer Lee believed that the manner in which these pills were packaged suggested that plaintiff illegally possessed the prescription narcotics based upon Lee's experience and training in narcotics investigations. Plaintiff informed the officers that the Vicodin was prescribed to him for a back injury.[2]

The parties contest when Officers Lee and Culver arrested plaintiff. Plaintiff contends that he was arrested after Officer Lee located the Vicodin; defendants contend that they arrested Plaintiff for driving with a suspended license before Officers

---

[2] Defendants also argue that they discovered a cellular phone on Villalpando during the pat down search. However, Plaintiff argues that they only discovered the pills during this search.

3

Lee and Culver conducted the pat down search.

Following the arrest and search of Villalpando, the officers searched his vehicle. In his vehicle, the officers discovered $8,500 in cash between the driver's seat and the center console as well as two cellular phones. Officer Lee believed that the cash and the cellular phones suggested that plaintiff was selling narcotics, again based upon his experience and training.

Plaintiff contends that he experienced physical discomfort and pain while handcuffed and seated in the police officer's vehicle. The District Attorney filed, and subsequently dismissed felony charges against Villalpando. As a result, Plaintiff was incarcerated for a week, and could not see his family during this time. Villalpando did not, however, seek any medical care or counseling.

## II. STANDARD

**A.  Standard for a Fed. R. Civ. P. 56 Motion for Summary Judgment**

Summary judgment is appropriate when there exists no genuine issue as to any material fact. Such circumstances entitle the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Secor Ltd. v. Cetus Corp., 51 F.3d 848, 853 (9th Cir. 1995). Under summary judgment practice, the moving party

////

      always bears the initial responsibility of informing
the district court of the basis for its motion, and
identifying those portions of "the pleadings,
depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if
any," which it believes demonstrate the absence of a
genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

    If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Secor Ltd., 51 F.3d at 853. In doing so, the opposing party may not rely upon the denials of its pleadings, but must tender evidence of specific facts in the form of affidavits and/or other admissible materials in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); see also First Nat'l Bank, 391 U.S. at 289. In evaluating the evidence, the court draws all reasonable inferences from the facts before it in favor of the opposing party. Matsushita, 475 U.S. at 587-88 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); County of Tuolumme v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001). Nevertheless, it is the opposing party's obligation to produce a factual predicate as a basis for such inferences. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The opposing party "must do more than simply show that there is some

metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

### III. ANALYSIS

**A.   When Plaintiff Was Arrested**

There is no question as to whether Officers Culver and Lee legally stopped and detained Villalpando for violations of the traffic code because Villalpando's front license plate was obscured by an illegal cover and he was driving with a suspended license. Whren v. U.S., 517 U.S. 806 (1996). Rather, the critical question is when the officers arrested plaintiff. If he was arrested for driving with a suspended license before the officers searched his person for identification, the search would have been constitutional as a search incident to arrest. See Chimel v. Ca., 395 U.S. 752 (1969). If, however, he was arrested after the pat down search, as plaintiff contends, no such exception applies, and the search is unconstitutional.[3]

---

[3] In support of its motion, defendants cite several cases concerning when police officers can constitutionally stop an individual to support their argument that plaintiff was arrested prior to the "pat down" search. Defendants confuse stops and arrests. While both are types of seizures, different standards apply to a stop than to an arrest. Specifically, officers only need reasonable suspicion to stop a person, while they require probable cause to arrest him. If officers merely stop a person, they are only constitutionally permitted to conduct a "reasonable search for weapons for the protection of the police officer, where [the officer] has reason to believe that he is dealing with an armed and dangerous individual." Terry v. Ohio, 392 U.S. 1, 27 (1968). If an officer, while conducting such a pat down search for weapons, "feels an object whose contour or mass makes its identity

1    The Ninth Circuit has held that "[w]hether an arrest has
2 occurred depends on all of the surrounding circumstances,
3 including the extent that freedom of movement is curtailed and
4 the degree and type of force or authority used to effectuate the
5 stop." U.S. v. Patterson, 648 F.2d 625, 632 (9th Cir. 1981)
6 (internal quotations omitted). "In analyzing an arrest, the
7 trier of fact considers the totality of circumstances . . . ."
8 Mitchell v. Anchorage Police Dep't, 2009 WL 2843534, No. 09-
9 35749, *1 (9th Cir. 2009). Accordingly, the court must decide if
10 defendants have demonstrated the absence of a material factual
11 dispute as to "whether, under all of the circumstances, a
12 reasonable person would conclude he was under arrest."
13 Patterson, 648 F.2d at 632. (internal quotations omitted). In
14 applying this test, courts consider the duration of detention
15 and, "[i]f, under the circumstances, an innocent person would
16 reasonably expect to be released after brief questioning." Id.
17 Defendant argues that Villalpando was arrested because he was
18 not free to leave. The Ninth Circuit, however, held that "[t]o

---

immediately apparent, . . . [and if] the object is contraband, its warrantless seizure" is constitutional. Minn. v. Dickerson, 508 U.S. 366, 375 (1993). However, if officers arrest a person they may conduct a search incident to arrest. Chimel v. Ca., 395 U.S. 752, 763 (1969). The search is limited to a "search of the arrestee's person and the area 'within his immediate control' - construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." Id. Where the person is arrested as the result of a traffic stop, the officer may "conduct a vehicle search when the arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense or arrest." Arizona v. Gant, 129 S.Ct. 1710, 1721 (2009).

7

conclude that the officers' conduct must be viewed as an arrest from the outset because the defendant's restriction of liberty of movement was then complete is to create a test which would cast doubt upon most stops." Id. Rather, the Ninth Circuit warns against transforming a valid stop into an arrest "merely because law enforcement agents momentarily restrict a person's freedom of movement." Id. at 633.

Here, the facts taken in a light most favorable to plaintiff, are that the police stopped plaintiff for a traffic violation. While pulled over, he informed the officers that his license was suspended, and provided them with alternate identification. Villalpando was cordial and pleasant throughout the stop. The officers never told Villalpando that he was under arrest. In fact, the officers testified that they did not arrest him until after the pat down search. Depo. of Michael Lee, 21:6-21:10; 24:8-24:19; Depo. of Nathan Culver, 14:12-14:17. Based on these facts a reasonable jury could find that plaintiff was not arrested until after the officers searched his person. Thus, defendants are not entitled to summary judgment on plaintiff's § 1983 claim on the grounds that the search of plaintiff was a proper search incident to arrest.[4]

////

---

[4] In their briefs, Defendants reject that whether plaintiff consented to the search is relevant. This rejection is unwarranted here where a reasonable jury could find that plaintiff was not arrested until after the officers searched his person yet that the search was nonetheless valid because plaintiff consented to it.

8

**B.     The Arrest**

Defendants argue that their arrest of Villalpando was constitutional because they had probable cause to arrest him for driving with a suspended license after plaintiff admitted it. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983). Here, the admission more than adequately meets this standard. Furthermore, after the officers discovered the Vicodin pills in a manner consistent with illegal narcotic possession, the officers had probable cause to arrest Villalpando for the possession of illegal drugs. A reasonable officer could believe there was a substantial chance of criminal activity upon observing the manner in which plaintiff maintained the narcotics and the plaintiff's suspicious behavior upon being pulled over.

Nonetheless, because the timing of plaintiff's arrest is contested, the constitutionality of the evidence gathered in the pat down search is also contested. Without the discovery of the Vicodin pills, the officers would not have had probable cause to arrest Villalpando for the narcotics violation. Accordingly, the constitutionality of Villalpando's arrest for the narcotics violation depends entirely upon the resolution of the factual dispute as to when plaintiff was arrested, and thereby cannot be resolved on summary judgment.

**C.     The Search of Plaintiff's Vehicle**

Similarly, the defendants argue that the search of

9

plaintiff's vehicle constituted a search incident to arrest. Again, the constitutionality of the search of plaintiff's car rests entirely upon the resolution of when plaintiff was arrested. A police officer may only "conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense or arrest." Arizona v. Gant, 129 S. Ct. 1710, 1721 (2009). Assuming for purposes of this motion that the arrest occurred after the search, the officers could then only constitutionally arrest plaintiff for the traffic violation[5] because the evidence supporting probable cause for the narcotics violation was obtained as the result of an unconstitutional search. After plaintiff was arrested, the officers placed him in handcuffs. Because Villalpando was handcuffed and the sole suspect in the control of two police officers, plaintiff "clearly was not within the reaching distance of his car at the time of the search" of his vehicle. Id. Furthermore, as in Gant, no evidence of [driving with a suspended license] could have been found within plaintiff's car. Thus, because the court must

---

[5] Parties contest whether the officers arrested Villalpando for driving with a suspended license in addition to the narcotics violation. However, plaintiff does not provide evidence of specific facts to support his contention that he was only arrested for the narcotics violation. Rather, plaintiff refers to a section of one of the officer's deposition indicating the basis for his belief that plaintiff was in the illegal possession of narcotics. The plaintiff has failed to meet his burden of demonstrating a factual dispute, and therefore the court assumes plaintiff was ultimately arrested for violation of both the vehicle code and narcotics violations.

10

for this motion assume the arrest occurred after the pat down search, and thereby the arrest for the narcotics violation was unconstitutional, defandant's motion for summary judgment as to the search of plaintiff's car is denied.[6]

**D.  Liability of Public Entities**

Defendants argue that plaintiff cannot establish facts to suggest that the local government entity defendants, Citrus Heights Police Department ("CHPD") and City of Citrus Heights ("City"), are liable under § 1983. In order to do so, plaintiff must demonstrate that the his injury was the result of "government policy or custom." Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 694 (1978). Plaintiff has not opposed this argument nor has he presented any evidence to support a claim for municipal liability. For this reason, summary judgment is granted for defendants CHPD and City.

**E.  Qualified Immunity**

Defendants Officers Lee and Culver argue that they are entitled to qualified immunity. This doctrine "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S.Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). It is clearly

---

[6] The court notes, however, that if plaintiff were in fact arrested for the narcotics violation, the officers could have searched plaintiff's vehicle for evidence of possession of illegal narcotics under Gant.

11

established that police officers cannot search a person who has not yet been arrested for anything but weapons. <u>Knowles v. Iowa</u>, 525 U.S. 113,(1998); <u>Terry v. Ohio</u>, 392 U.S. 1 (1968). Thus, given the dispute as to when he was arrested, defendants are not entitled to qualified immunity.

**F.   Punitive Damages**

Defendants also argue that plaintiff is not entitled to punitive damages.[7] Punitive damages can be awarded under § 1983 "when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." <u>Dang v. Cross</u>, 422 F.3d 800, 807 (9th Cir. 2005) (internal quotations omitted). "[C]lear, malicious, wanton, or oppressive acts or omissions . . . are . . . all proper predicates for punitive damages under § 1983." <u>Id.</u> (citing <u>Smith v. Wade</u>, 461 U.S. 30, 54 (1983)). Here, plaintiff has presented evidence that Officers Culver and Lee conducted a full search of Villalpando's person before arresting him and without his consent. A reasonable jury could find for the plaintiff on both these issues, and if so, could find that the officers were recklessly indifferent to plaintiff's constitutional rights. Specifically, the jury could find that the officers knew that they could only conduct a search incident to arrest after arresting a suspect yet nonetheless conducted

---

[7] Because the municipal entities are entitled to summary judgment, the court will only consider whether punitive damages are warranted for the individual defendants.

12

such a search prior to arresting the suspect. Accordingly, defendants' motion for summary judgment on plaintiff's claim for punitive damages is denied.

### IV. CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART defendants' motion for summary judgment (Doc. No. 17).

1. The court GRANTS defendants' motion for summary judgment as to defendants Citrus Heights Police Department and City of Citrus Heights.
2. The court DENIES defendants' motion for summary judgment as to defendants Officer Nathan Culver and Officer Michael Lee.
3. The court DENIES defendants's motion for summary judgment as to punitive damages for defendants Officer Nathan Culver and Officer Michael Lee.

IT IS SO ORDERED.

DATED: November 2, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13