1
2
3
4
5
6               UNITED STATES DISTRICT COURT

7               EASTERN DISTRICT OF CALIFORNIA

8

9  SERGIO VILLALPANDO,
                                    NO. CIV. S-08-2130 LKK/GGH
10          Plaintiff,

11     v.                          **PRETRIAL CONFERENCE ORDER**
                                        **[TENTATIVE]**
12  CITRUS HEIGHTS POLICE
    DEPARTMENT, OFFICER CULVER,
13  OFFICER MICHAEL LEE, and
    CITY OF CITRUS HEIGHTS,
14
            Defendants.
15  _____/

16     Pursuant to court order, a Pretrial Conference was held in

17 Chambers on January 19, 2010. JESSE S. ORTIZ, III appeared as

18 counsel for plaintiff; GAYLE K. TONON appeared as counsel for

19 defendants. After hearing, the court makes the following findings

20 and orders:

21                    **I.   JURISDICTION/VENUE**

22     Jurisdiction is predicated upon 28 U.S.C. § 1331 and is

23 appropriate.

24                     **II.   JURY/NON-JURY**

25     The trial will be by jury.

26 ////

                                1

1

**III.  UNDISPUTED FACTS**

2      1.   Both Defendants, Officer Nathan Culver and Officer
3  Michael Lee, were acting in the course and scope of their
4  employment as Police Officers with the City of Citrus Heights at
5  the time of the events alleged in the Complaint.

6      2.   Officer Nathan Culver was the trainee of Officer Michael
7  Lee.

8      3.   On April 11, 2008, Officer Nathan Culver made the
9  determination to make a vehicular stop of the Plaintiff, SERGIO
10 VILLALPANDO, for no front license plate.

11     4.   Plaintiff, SERGIO VILLALPANDO, was driving a black
12 Cadillac Escalade.

13     5.   The incident occurred at 2:33 a.m.

14     6.   There was a front license plate on the vehicle, but it
15 was covered by a smoked license plate cover that was kind of
16 scratched up.

17     7.   Plaintiff, SERGIO VILLALPANDO, was driving on a suspended
18 license.

19     8.   Officer Nathan Culver commenced the pat-down or search.

20     9.   Officer Michael Lee took over and completed the pat-down
21 or search.

22     10.  Officer Michael Lee discovered a plastic bag with
23 hydrocodone tablets in it.

24     11.  Plaintiff, SERGIO VILLALPANDO, was placed under arrest.

25     12.  The vehicle was searched.

26     13.  The Officers discovered $8,500.00 in $100.00 bills cash

2

1 | in the vehicle.

2 |     14.   The Officers discovered two cellular telephones in the
3 | vehicle.

4 |     15.   Officer Michael Lee prepared the report.

5 |     16.   Subsequent to the date of the incident of April 11, 2008,
6 | the Plaintiff, SERGIO VILLALPANDO, was shot on October 31, 2008,
7 | and continues to suffer pain and discomfort from the gunshot
8 | injury.

9 |     17.   Subsequent to April 11, 2008, the Plaintiff, SERGIO
10 | VILLALPANDO, broke his left ankle while visiting family in Mexico
11 | City.  He removed the cast himself and did not obtain x-rays.

12 |                     **IV.   DISPUTED FACTUAL ISSUES**

13 |     1.   Whether or not there was any hesitation in the Plaintiff,
14 | SERGIO VILLALPANDO, pulling over after the Officers activated the
15 | lights on the police vehicle.

16 |     2.   Whether or not there was movement inside the vehicle
17 | before the Plaintiff, SERGIO VILLALPANDO, came to a stop.

18 |     3.   Whether or not the Plaintiff, SERGIO VILLALPANDO, had
19 | valid photo identification.

20 |     4.   Whether or not Plaintiff, SERGIO VILLALPANDO, had proof
21 | of insurance on the vehicle he was driving.

22 |     5.   Whether or not Plaintiff, SERGIO VILLALPANDO, had the
23 | registration of the vehicle he was driving.

24 |     6.   Whether or not Plaintiff, SERGIO VILLALPANDO, gave
25 | consent for the search of his person.

26 |     7.   Whether or not the plastic bag containing the hydrocodone

3

1   tablets was a regular sandwich zip-lock bag or it was a baggie tied
2   in a knot such as that used for purposes of sales of narcotics.

3       8.   Whether or not there were ten pills or less in the
4   plastic baggie.

5       9.   Whether or not Officer Michael Lee grabbed the Plaintiff,
6   SERGIO VILLALPANDO, and threw him against the vehicle.

7       10.  Whether or not Plaintiff, SERGIO VILLALPANDO, suffered
8   any physical injury as a result of the incident of April 11, 2008.

9       11.  Whether or not Plaintiff, SERGIO VILLALPANDO, was
10  employed on April 11, 2008.

11      12.  Whether or not Plaintiff, SERGIO VILLALPANDO, suffered
12  any wage loss or other economic loss as a result of the incident
13  of April 11, 2008.

14  **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

15      On November 2, 2009, the court granted summary judgment
16  dismissing claims against defendants City of Citrus Heights and
17  Citrus Heights Police Department.  The court denied the motion
18  for summary judgment as to claims against the individual
19  officers, and the court framed the remaining issues in the case.

20      Specifically, the court concluded that the initial stop was
21  legal.  Whether the initial search was legal depended on whether
22  plaintiff consented to search or whether plaintiff was arrested
23  prior to the search.  The latter question is resolved by looking
24  to whether a reasonable person would have concluded that he was
25  under arrest.  Both consent and a reasonable person's
26  perceptions are jury questions.  The question of whether the

4

1  search was otherwise legal is at least in part resolved by
2  reference to <u>Arizona v. Gant</u>, 129 S.Ct. 1710, 1721 (2009).

3      The court concluded inter alia that defendants are not
4  entitled to qualified immunity, and that a triable question
5  remained as to whether plaintiff was entitled to punitive
6  damages.

7              **VI.   DISPUTED EVIDENTIARY ISSUES**

8      Plaintiff objects to introduction of the police report
9  generated by defendants on or about April 11, 2008, as hearsay.
10     Defendants contend that the Plaintiff, SERGIO VILLALPANDO,
11  gave consent to the search of his person after being detained.
12  Plaintiff denies giving consent.

13  DEFENDANTS' MOTIONS IN LIMINE:

14     1.   Exclude all records and documents subject to
15  disclosure pursuant to Federal Rules of Civil Procedure, Rule
16  26(a), that were not produced.

17     2.   Exclude any and all expert testimony other than that
18  disclosed in compliance with the Status (Pre-Trial Scheduling)
19  Order (Court Document #9) and impeachment witnesses.

20     3.   To preclude Plaintiff from introducing evidence or
21  Plaintiff's counsel eliciting testimony at trial concerning
22  personnel records, actions, investigations, or administrative
23  procedures involving the Defendants, OFFICER NATHAN CULVER and
24  OFFICER MICHAEL LEE and/or any of the peace officer witnesses,
25  while employed as peace officers for the City of Citrus Heights.
26

                              5

1    4.    Defendants reserve the right to file Motions in Limine
2  with regard to the exclusion of various items of evidence listed
3  on Plaintiff's List of Evidence once received.

4    5.    Defendants reserve the right to file Motions in Limine
5  to exclude witnesses identified on Plaintiff's List of Witnesses
6  once received.

7    6.    To exclude witnesses from the Courtroom during Trial.
8        The parties are to bring on motions in limine to be heard
9  April 5, 2010 at 10:00 a.m.

10              **VII.  SPECIAL FACTUAL INFORMATION**
11       None.

12                    **VIII.  RELIEF SOUGHT**
13       Plaintiff seeks damages for emotional distress and for
14  costs incurred in defending against a related criminal action.
15  Plaintiff also seeks punitive damages.

16                    **IX.  POINTS OF LAW**
17       (a)  The elements, standards, and burdens of proof of a
18  claim under 42 U.S.C. § 1983 for unlawful search and seizure in
19  violation of the Fourteenth Amendment.

20       ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY
21  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME
22  IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

23                  **X.  ABANDONED ISSUES**
24       None.

25  ////
26  ////

                                6

1                                    **XI. WITNESSES**

2       Plaintiff anticipates calling the following witnesses:

3       Sergio Villalpando and Ruby Chaidez.

4       Defendant anticipates calling the following witnesses:

5       See attachment "A".

6       Each party may call a witness designated by the other.

7       A.     No other witnesses will be permitted to testify

8 unless:

9       (1)    The party offering the witness demonstrates that the

10 witness is for the purpose of rebutting evidence which could not

11 be reasonably anticipated at the Pretrial Conference, or

12       (2)    The witness was discovered after the Pretrial

13 Conference and the proffering party makes the showing required

14 in "B" below.

15       B.     Upon the post-Pretrial discovery of witnesses, the

16 attorney shall promptly inform the court and opposing parties of

17 the existence of the unlisted witnesses so that the court may

18 consider at trial whether the witnesses shall be permitted to

19 testify.   The evidence will not be permitted unless:

20       (1)    The witnesses could not reasonably have been

21 discovered prior to Pretrial;

22       (2)    The court and opposing counsel were promptly

23 notified upon discovery of the witnesses;

24       (3)    If time permitted, counsel proffered the

25 witnesses for deposition;

26

1          (4)   If time did not permit, a reasonable summary of
2   the witnesses' testimony was provided opposing counsel.

3                **XII.   EXHIBITS, SCHEDULES AND SUMMARIES**

4          Plaintiff offers no exhibits.

5          Defendant contemplates the following by way of exhibits:
6   See attachment "B".

7      A.    No other exhibits will be permitted to be introduced
8   unless:

9          (1)   The party proffering the exhibit demonstrates
10  that the exhibit is for the purpose of rebutting evidence which
11  could not be reasonably anticipated at the Pretrial Conference,
12  or

13         (2)   The exhibit was discovered after the Pretrial
14  Conference and the proffering party makes the showing required
15  in paragraph "B," below.

16     B.    Upon the post-Pretrial discovery of exhibits, the
17  attorneys shall promptly inform the court and opposing counsel
18  of the existence of such exhibits so that the court may consider
19  at trial their admissibility.  The exhibits will not be received
20  unless the proffering party demonstrates:

21         (1)   The exhibits could not reasonably have been
22  discovered prior to Pretrial;

23         (2)   The court and counsel were promptly informed of
24  their existence;

25         (3)   Counsel forwarded a copy of the exhibit(s) (if
26  physically possible) to opposing counsel.  If the exhibit(s) may

                                8

1  not be copied, the proffering counsel must show that he has made
2  the exhibit(s) reasonably available for inspection by opposing
3  counsel.

4       As to each exhibit, each party is ordered to exchange
5  copies of the exhibit not later than fifteen (15) days from the
6  date of this Pretrial Order. Each party is then granted ten
7  (10) days to file with the court and serve on opposing counsel
8  any objections to said exhibits. In making said objections, the
9  party is to set forth the grounds for the objection. As to each
10 exhibit which is not objected to, it shall be marked and
11 received into evidence and will require no further foundation.
12 Each exhibit which is objected to will be marked for
13 identification only.

14      In addition to electronically filing said objections, if
15 any, the objections must be submitted by email, as an attachment
16 in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

17      The attorney for each party is directed to appear before
18 and present an original and one (1) copy of said exhibit to Ana
19 Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
20 date set for trial. All exhibits shall be submitted to the
21 court in binders. Plaintiff's exhibits shall be listed
22 numerically. Defendant's exhibits shall be listed
23 alphabetically. The parties shall use the standard exhibit
24 stickers provided by the court: pink for plaintiff and blue for
25 defendant.

26 ////

9

1    **XIII.  DISCOVERY DOCUMENTS**

2    None, except for impeachment purposes.

3    **XIV.  FURTHER DISCOVERY OR MOTIONS**

4    None.

5    **XV.  STIPULATIONS**

6    None, except as noted above.

7    **XVI.  AMENDMENTS/DISMISSALS**

8    None.

9    **XVII.  FURTHER TRIAL PREPARATION**

10    A.   Counsel are directed to Local Rule 285 regarding the
11   contents of and the time for filing trial briefs.

12    B.   Counsel are informed that the court has prepared a set
13   of standard jury instructions.  In general, they cover all
14   aspects of the trial except those relating to the specific
15   claims of the complaint.  Accordingly, counsel need not prepare
16   instructions concerning matters within the scope of the prepared
17   instructions.  A copy of the prepared instructions is given to
18   the parties at the Pretrial Conference.

19    B.   For all cases tried to the court, counsel are ordered
20   to file and serve Proposed Findings of Fact and Conclusions of
21   Law not later than ten (10) days prior to the first date of
22   trial.

23    C.   Counsel are further directed that their specific jury
24   instructions shall be filed fourteen (14) calendar days prior to
25   the date of trial.  As to any instructions counsel desires to

26

10

1 offer, they shall be prepared in accordance with Local Rule
2 163(b)(1) which provides:

3     "Two copies of the instructions shall be submitted.
4     One copy shall be electronically filed as a .pdf
5     document and shall contain each instruction on a
6     separate page, numbered and identified as to the party
7     presenting it. Each instruction shall cite the
8     decision, statute, ordinance, regulation or other
9     authority supporting the proposition stated in the
10     instruction."

11     The second copy ("jury copy") shall be submitted by e-mail
12 to lkkorders@caed.uscourts.gov.

13     **In addition, counsel shall provide copies of proposed forms**
14 **of verdict, including special verdict forms, at the time the**
15 **proposed jury instructions are filed with the court.**

16     D.   It is the duty of counsel to ensure that any
17 deposition which is to be used at trial has been filed with the
18 Clerk of the Court. Counsel are cautioned that a failure to
19 discharge this duty may result in the court precluding use of
20 the deposition or imposition of such other sanctions as the
21 court deems appropriate.

22     E.   The parties are ordered to file with the court and
23 exchange between themselves not later than one (1) week before
24 the trial a statement designating portions of depositions
25 intended to be offered or read into evidence (except for
26 portions to be used only for impeachment or rebuttal).

1    F.    The parties are ordered to file with the court and
2  exchange between themselves not later than one (1) week before
3  trial the portions of answers to interrogatories which the
4  respective parties intend to offer or read into evidence at the
5  trial (except portions to be used only for impeachment or
6  rebuttal).

7    G.    The court has extensive audiovisual equipment
8  available.  Any counsel contemplating its use shall contact the
9  court's Telecommunications Manager, Andre Carrier, at (916) 930-
10  4223, at least two weeks in advance of trial to receive the
11  appropriate training.

12                **XVIII.   SETTLEMENT NEGOTIATIONS**

13    A Settlement Conference is **SET** before the Honorable Gregory
14  G. Hollows, United States Magistrate Judge, on April 2, 2010 at
15  9:00 a.m.   Counsel are directed to submit settlement conference
16  statements to the settlement judge **not later than seven (7) days**
17  **prior to the conference.**  At counsel's option, such statements
18  may be submitted in confidence pursuant to Local Rule 270(d).

19    Each party is directed to have a principal capable of
20  disposition at the Settlement Conference or to be fully
21  authorized to settle the matter on any terms and at the
22  Settlement Conference.

23                **XIX.   AGREED STATEMENTS**

24    None.

25                **XX.   SEPARATE TRIAL OF ISSUES**

26

                              12

1      The matter of punitive damages will be severed and will be
2   heard immediately following the jury's determination as to
3   actual damages.

4           **XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**
5      None.

6                    **XXII.   ATTORNEYS' FEES**
7      Both parties will seek attorney's fees.

8                    **XXIII.   MISCELLANEOUS**
9      None.

10          **XXIV.   ESTIMATE OF TRIAL TIME/TRIAL DATE**
11      Trial by jury is **SET** for April 27, 2010, at 10:30 a.m., in
12   Courtroom No. 4.  The parties represent in good faith that the
13   trial will take approximately five (5) days.

14      Counsel are to call Ana Rivas, Courtroom Deputy, at (916)
15   930-4133, one week prior to trial to ascertain status of trial
16   date.

17          **XXV.   OBJECTIONS TO PRETRIAL ORDER**
18      Each party is granted fifteen (15) days from the effective
19   date of this Pretrial Order [Tentative] to object to or augment
20   same.  Each party is also granted five (5) days thereafter to
21   respond to the other party's objections.  If no objections or
22   additions are made, the Tentative Pretrial Order will become
23   final without further order of the court.

24      The parties are reminded that pursuant to Federal Rule of
25   Civil Procedure 16(e), this order shall control the subsequent
26

                                13

1 | course of this action and shall be modified only to prevent
2 | manifest injustice.

3 | **XXVI.  OTHER**

4 | All time limits and dates that refer to the Pretrial Order
5 | refer to the date this Pretrial Order [Tentative] is filed and
6 | not the date an amended order, if any, is filed.

7 | IT IS SO ORDERED.

8 | DATED: January 22, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14

1  Law Offices of
**TONON & ASSOCIATES**
2  Post Office Box 2536
Truckee, California 96160
3  Tel. (530) 587-0333
Fax. (530) 587-1545
Gayle K. Tonon, Esq. (SBN 110427)
4
Attorneys for Defendants: Officer Nathan
5  Culver and Officer Michael Lee

6

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  SERGIO VILLALPANDO,            ) Case No. 2:08-cv-02130-LKK-GGH
                                   )
12            Plaintiff,          ) **DEFENDANTS' LIST OF WITNESSES**
                                   )
13  vs.                           )
                                   )
14  CITRUS HEIGHTS POLICE DEPARTMENT,)
15  OFFICER CULVER, OFFICER MICHAEL) COMPLAINT FILED:  09/09/2008
    LEE, and CITY OF CITRUS HEIGHTS,) TRIAL DATE:       04/20/2010
16                                 )
17            Defendants.          )
                                   )

18        COME NOW, the Defendants, OFFICER NATHAN CULVER and OFFICER

19  MICHAEL LEE, and submit the following List of Witnesses for Trial:

20    1.    Officer Nathan Culver

21    2.    Officer Michael Lee

22    3.    Lt. Bruce Able, retired, expert witness

23    4.    Plaintiff, Sergio Villalpando

24  Dated: January 11, 2010            **TONON & ASSOCIATES**

25

26                                     By: /s/Gayle K. Tonon
                                          GAYLE K. TONON, ESQ.
27                                        Attorney for Defendants,
                                          OFFICER NATHAN CULVER and
28  (CCH8002)P011110.witlist             OFFICER MICHAEL LEE

-1-
DEFENDANTS' LIST OF WITNESSES
ATTACHMENT "A"

1    Law Offices of
     **TONON & ASSOCIATES**
2    Post Office Box 2536
     Truckee, California 96160
3    Tel.  (530) 587-0333
     Fax.  (530) 587-1545
4    Gayle K. Tonon, Esq. (SBN 110427)

5    Attorneys for Defendants: Officer Nathan
     Culver and Officer Michael Lee

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   SERGIO VILLALPANDO,                    ) Case No. 2:08-cv-02130-LKK-GGH
                                            )
12                    Plaintiff,            ) **DEFENDANTS' LIST OF EVIDENCE**
                                            )
13   vs.                                    )
                                            )
14   CITRUS HEIGHTS POLICE DEPARTMENT,)
15   OFFICER  CULVER,  OFFICER  MICHAEL) COMPLAINT FILED:  09/09/2008
     LEE, and CITY OF CITRUS HEIGHTS,  ) TRIAL DATE:      04/20/2010
16                                          )
                     Defendants.            )
17                                          )

18

19       COME  NOW,  the  Defendants,  OFFICER  NATHAN  CULVER  and  OFFICER

20   MICHAEL  LEE,  and  submit  the  following  List  of  Evidence  to  be

21   presented at Trial:

22   1.   Officer Report for Incident 0804356

23   2.   District Attorney's Cover Sheet - Arrest Information

24   3.   District Attorney's Disposition Sheet

25   4.   Property Release and Disposition dated May 15, 2008

26   5.   Property/Evidence Tag - Pills

27   6.   Property/Evidence Tag - Cash

28   7.   Arrest Report

-1-
DEFENDANTS' LIST OF EVIDENCE
*ATTACHMENT "B"*

1    8.    Probable Cause Declaration for In-Custody Detainees

2    9.    Vehicle Report

3    10.   Tow Hearing Request Form

4    11.   Release of Stored/Impound/Vehicle

5    12.   Employment records of the Plaintiff, Sergio Villalpando, from

6          Fisher Tile & Marble.

7    13.   Records of the Worker's Compensation Appeals Board regarding

8          the claim of the Plaintiff, Sergio Villalpando, including, but

9          not limited to deposition testimony and medical records and

10         reports.

11   Dated: January 11, 2010              **TONON & ASSOCIATES**

12

13                                   By:   /s/Gayle K. Tonon
14                                         GAYLE K. TONON, ESQ.
                                           Attorney for Defendants,
15                                         OFFICER NATHAN CULVER and
                                           OFFICER MICHAEL LEE
16

17

18

19

20

21

22

23

24

25

26

27
     (CCH8002)P011110.evidencelist
28

---

-2-
DEFENDANTS' LIST OF EVIDENCE