UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SERGIO VILLALPANDO,

    Plaintiff,

  v.

CITRUS HEIGHTS POLICE DEPARTMENT, OFFICER CULVER, OFFICER MICHAEL LEE, and CITY OF CITRUS HEIGHTS,

    Defendants.
_____/

NO. CIV. S-08-2130 LKK/GGH

**PRETRIAL CONFERENCE ORDER [FINAL]**

Pursuant to court order, a Pretrial Conference was held in Chambers on January 19, 2010. JESSE S. ORTIZ, III appeared as counsel for plaintiff; GAYLE K. TONON appeared as counsel for defendants. After consideration of the parties' objections and request for augmentation, the court makes the following orders:

### I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 and is appropriate.

### II. JURY/NON-JURY

The trial will be by jury.

////

1

### III. UNDISPUTED FACTS

1. Both Defendants, Officer Nathan Culver and Officer Michael Lee, were acting in the course and scope of their employment as Police Officers with the City of Citrus Heights at the time of the events alleged in the Complaint.

2. Officer Nathan Culver was the trainee of Officer Michael Lee.

3. On April 11, 2008, Officer Nathan Culver made the determination to make a vehicular stop of the Plaintiff, SERGIO VILLALPANDO, for no front license plate.

4. Plaintiff, SERGIO VILLALPANDO, was driving a black Cadillac Escalade.

5. The incident occurred at 2:33 a.m.

6. There was a front license plate on the vehicle, but it was covered by a smoked license plate cover that was kind of scratched up.

7. Plaintiff, SERGIO VILLALPANDO, was driving on a suspended license.

8. Officer Nathan Culver commenced the pat-down or search.

9. Officer Michael Lee took over and completed the pat-down or search.

10. Officer Michael Lee discovered a plastic bag with hydrocodone tablets in it.

11. Plaintiff, SERGIO VILLALPANDO, was placed under arrest.

12. The vehicle was searched.

13. The Officers discovered $8,500.00 in $100.00 bills cash

in the vehicle.

14. The Officers discovered two cellular telephones in the vehicle.

15. Officer Michael Lee prepared the report.

16. Subsequent to the date of the incident of April 11, 2008, the Plaintiff, SERGIO VILLALPANDO, was shot on October 31, 2008, and continues to suffer pain and discomfort from the gunshot injury.

17. Subsequent to April 11, 2008, the Plaintiff, SERGIO VILLALPANDO, broke his left ankle while visiting family in Mexico City. He removed the cast himself and did not obtain x-rays.

## IV.  **DISPUTED FACTUAL ISSUES**

1. Whether or not there was any hesitation in the Plaintiff, SERGIO VILLALPANDO, pulling over after the Officers activated the lights on the police vehicle.

2. Whether or not there was movement inside the vehicle before the Plaintiff, SERGIO VILLALPANDO, came to a stop.

3. Whether or not the Plaintiff, SERGIO VILLALPANDO, had valid photo identification.

4. Whether or not Plaintiff, SERGIO VILLALPANDO, had proof of insurance on the vehicle he was driving.

5. Whether or not Plaintiff, SERGIO VILLALPANDO, had the registration of the vehicle he was driving.

6. Whether or not Plaintiff, SERGIO VILLALPANDO, gave consent for the search of his person.

7. Whether or not the plastic bag containing the hydrocodone

1 tablets was a regular sandwich zip-lock bag or it was a baggie tied
2 in a knot such as that used for purposes of sales of narcotics.
3      8.   Whether or not there were ten pills or less in the
4 plastic baggie.
5      9.   Whether or not Officer Michael Lee grabbed the Plaintiff,
6 SERGIO VILLALPANDO, and threw him against the vehicle.
7      10.  Whether or not Plaintiff, SERGIO VILLALPANDO, suffered
8 any physical injury as a result of the incident of April 11, 2008.
9      11.  Whether or not Plaintiff, SERGIO VILLALPANDO, was
10 employed on April 11, 2008.
11     12.  Whether or not Plaintiff, SERGIO VILLALPANDO, suffered
12 any wage loss or other economic loss as a result of the incident
13 of April 11, 2008.

**V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

On November 2, 2009, the court granted summary judgment dismissing claims against defendants City of Citrus Heights and Citrus Heights Police Department. The court denied the motion for summary judgment as to claims against the individual officers, and the court framed the remaining issues in the case.

Specifically, the court concluded that the initial stop was legal. Whether the initial search was legal depended on whether plaintiff consented to search or whether plaintiff was arrested prior to the search. The latter question is resolved by looking to whether a reasonable person would have concluded that he was under arrest. Both consent and a reasonable person's perceptions are jury questions. The question of whether the

search was otherwise legal is at least in part resolved by reference to Arizona v. Gant, 129 S.Ct. 1710, 1721 (2009).

The court concluded inter alia that defendants are not entitled to qualified immunity, and that a triable question remained as to whether plaintiff was entitled to punitive damages.

## VI. DISPUTED EVIDENTIARY ISSUES

Plaintiff objects to introduction of the police report generated by defendants on or about April 11, 2008, as hearsay.

Defendants contend that the Plaintiff, SERGIO VILLALPANDO, gave consent to the search of his person after being detained. Plaintiff denies giving consent.

DEFENDANTS' MOTIONS IN LIMINE:

1. Exclude all records and documents subject to disclosure pursuant to Federal Rules of Civil Procedure, Rule 26(a), that were not produced.

2. Exclude any and all expert testimony other than that disclosed in compliance with the Status (Pre-Trial Scheduling) Order (Court Document #9) and impeachment witnesses.

3. To preclude Plaintiff from introducing evidence or Plaintiff's counsel eliciting testimony at trial concerning personnel records, actions, investigations, or administrative procedures involving the Defendants, OFFICER NATHAN CULVER and OFFICER MICHAEL LEE and/or any of the peace officer witnesses, while employed as peace officers for the City of Citrus Heights.

////

1  4.  Defendants reserve the right to file Motions in Limine
2  with regard to the exclusion of various items of evidence listed
3  on Plaintiff's List of Evidence once received.
4  5.  Defendants reserve the right to file Motions in Limine
5  to exclude witnesses identified on Plaintiff's List of Witnesses
6  once received.
7  6.  To exclude witnesses from the Courtroom during Trial.
8  The parties are to bring on motions in limine to be heard
9  April 5, 2010 at 10:00 a.m.

### VII.  SPECIAL FACTUAL INFORMATION

None.

### VIII.  RELIEF SOUGHT

Plaintiff seeks damages for emotional distress and for costs incurred in defending against a related criminal action. Plaintiff also seeks punitive damages.

### IX.  POINTS OF LAW

(a)  The elements, standards, and burdens of proof of a claim under 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourteenth Amendment.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

### X.  ABANDONED ISSUES

None.

////

////

## XI.  WITNESSES

Plaintiff anticipates calling the following witnesses: Sergio Villalpando and Ruby Chaidez.

Defendant anticipates calling the following witnesses: See attachment "A".

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.  Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

(2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3) If time permitted, counsel proffered the witnesses for deposition;

////

1  (4) If time did not permit, a reasonable summary of
2 the witnesses' testimony was provided opposing counsel.

3 **XII. EXHIBITS, SCHEDULES AND SUMMARIES**

4   Plaintiff offers no exhibits.

5   Defendant contemplates the following by way of exhibits:
6 See attachment "B".

7  A. No other exhibits will be permitted to be introduced
8 unless:

9  (1) The party proffering the exhibit demonstrates
10 that the exhibit is for the purpose of rebutting evidence which
11 could not be reasonably anticipated at the Pretrial Conference,
12 or

13  (2) The exhibit was discovered after the Pretrial
14 Conference and the proffering party makes the showing required
15 in paragraph "B," below.

16  B. Upon the post-Pretrial discovery of exhibits, the
17 attorneys shall promptly inform the court and opposing counsel
18 of the existence of such exhibits so that the court may consider
19 at trial their admissibility. The exhibits will not be received
20 unless the proffering party demonstrates:

21  (1) The exhibits could not reasonably have been
22 discovered prior to Pretrial;

23  (2) The court and counsel were promptly informed of
24 their existence;

25  (3) Counsel forwarded a copy of the exhibit(s) (if
26 physically possible) to opposing counsel. If the exhibit(s) may

not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fifteen (15) days from the date of this Pretrial Order. Each party is then granted ten (10) days to file with the court and serve on opposing counsel any objections to said exhibits. In making said objections, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation. Each exhibit which is objected to will be marked for identification only.

In addition to electronically filing said objections, if any, the objections must be submitted by email, as an attachment in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

The attorney for each party is directed to appear before and present an original and one (1) copy of said exhibit to Ana Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the date set for trial. All exhibits shall be submitted to the court in binders. Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant.

////

### XIII. DISCOVERY DOCUMENTS

None, except for impeachment purposes.

### XIV. FURTHER DISCOVERY OR MOTIONS

None.

### XV. STIPULATIONS

None, except as noted above.

### XVI. AMENDMENTS/DISMISSALS

None.

### XVII. FURTHER TRIAL PREPARATION

A. Counsel are directed to Local Rule 285 regarding the contents of and the time for filing trial briefs.

B. Counsel are informed that the court has prepared a set of standard jury instructions. In general, they cover all aspects of the trial except those relating to the specific claims of the complaint. Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared instructions. A copy of the prepared instructions is given to the parties at the Pretrial Conference.

B. For all cases tried to the court, counsel are ordered to file and serve Proposed Findings of Fact and Conclusions of Law not later than ten (10) days prior to the first date of trial.

C. Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial. As to any instructions counsel desires to

////

1  offer, they shall be prepared in accordance with Local Rule
2  163(b)(1) which provides:

3  "Two copies of the instructions shall be submitted.
4  One copy shall be electronically filed as a .pdf
5  document and shall contain each instruction on a
6  separate page, numbered and identified as to the party
7  presenting it. Each instruction shall cite the
8  decision, statute, ordinance, regulation or other
9  authority supporting the proposition stated in the
10 instruction."

11 The second copy ("jury copy") shall be submitted by e-mail
12 to lkkorders@caed.uscourts.gov.

13 **In addition, counsel shall provide copies of proposed forms**
14 **of verdict, including special verdict forms, at the time the**
15 **proposed jury instructions are filed with the court.**

16     D.   It is the duty of counsel to ensure that any
17 deposition which is to be used at trial has been filed with the
18 Clerk of the Court.  Counsel are cautioned that a failure to
19 discharge this duty may result in the court precluding use of
20 the deposition or imposition of such other sanctions as the
21 court deems appropriate.

22     E.   The parties are ordered to file with the court and
23 exchange between themselves not later than one (1) week before
24 the trial a statement designating portions of depositions
25 intended to be offered or read into evidence (except for
26 portions to be used only for impeachment or rebuttal).

1    F.   The parties are ordered to file with the court and
2 exchange between themselves not later than one (1) week before
3 trial the portions of answers to interrogatories which the
4 respective parties intend to offer or read into evidence at the
5 trial (except portions to be used only for impeachment or
6 rebuttal).
7    G.   The court has extensive audiovisual equipment
8 available.  Any counsel contemplating its use shall contact the
9 court's Telecommunications Manager, Andre Carrier, at (916) 930-
10 4223, at least two weeks in advance of trial to receive the
11 appropriate training.

## XVIII. SETTLEMENT NEGOTIATIONS

A Settlement Conference is **SET** before the Honorable Gregory G. Hollows, United States Magistrate Judge, on April 2, 2010 at 9:00 a.m.  Counsel are directed to submit settlement conference statements to the settlement judge **not later than seven (7) days prior to the conference.**  At counsel's option, such statements may be submitted in confidence pursuant to Local Rule 270(d).

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

## XIX. AGREED STATEMENTS

None.

////

////

12

## XX. SEPARATE TRIAL OF ISSUES

The matter of punitive damages will be severed and will be heard immediately following the jury's determination as to actual damages.

## XXI. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XXII. ATTORNEYS' FEES

Both parties will seek attorney's fees.

## XXIII. MISCELLANEOUS

None.

## XXIV. ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is **SET** for April 27, 2010, at 10:30 a.m., in Courtroom No. 4. The parties represent in good faith that the trial will take approximately five (5) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

## XXV. MODIFICATIONS TO PRETRIAL ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(e), this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

DATED: February 25, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

13

Law Offices of
**TONON & ASSOCIATES**
Post Office Box 2536
Truckee, California 96160
Tel. (530) 587-0333
Fax. (530) 587-1545
Gayle K. Tonon, Esq. (SBN 110427)

Attorneys for Defendants: Officer Nathan Culver and Officer Michael Lee

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO VILLALPANDO,<br><br>         Plaintiff,<br><br>vs.<br><br>CITRUS HEIGHTS POLICE DEPARTMENT, OFFICER CULVER, OFFICER MICHAEL LEE, and CITY OF CITRUS HEIGHTS,<br><br>         Defendants. | Case No. 2:08-cv-02130-LKK-GGH<br><br>**DEFENDANTS' AMENDED LIST OF WITNESSES**<br><br>COMPLAINT FILED: 09/09/2008<br>TRIAL DATE:      04/27/2010 |

COME NOW, the Defendants, OFFICER NATHAN CULVER and OFFICER MICHAEL LEE, and submit the following Amended List of Witnesses for Trial:

1. Officer Nathan Culver
2. Officer Michael Lee
3. Lt. Bruce Able, retired, expert witness
4. Plaintiff, Sergio Villalpando

///

///

///

ATTACHMENT "A"

-1-

DEFENDANTS' AMENDED LIST OF WITNESSES

```
 1    5.    Jesse S. Ortiz, III, Esq.
 2   Dated: February 4, 2010           TONON & ASSOCIATES
 3
 4                                     By:  /s/Gayle K. Tonon
                                            GAYLE K. TONON, ESQ.
 5                                          Attorney for Defendants,
                                            OFFICER NATHAN CULVER and
 6                                          OFFICER MICHAEL LEE
 7
 ...
28   (CCH8002)P020410.witlistamend
```

Law Offices of
**TONON & ASSOCIATES**
Post Office Box 2536
Truckee, California 96160
Tel. (530) 587-0333
Fax. (530) 587-1545
Gayle K. Tonon, Esq. (SBN 110427)

Attorneys for Defendants: Officer Nathan Culver and Officer Michael Lee

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO VILLALPANDO, | Case No. 2:08-cv-02130-LKK-GGH |
| Plaintiff, | **DEFENDANTS' LIST OF EVIDENCE** |
| vs. | |
| CITRUS HEIGHTS POLICE DEPARTMENT, OFFICER CULVER, OFFICER MICHAEL LEE, and CITY OF CITRUS HEIGHTS, | COMPLAINT FILED: 09/09/2008<br>TRIAL DATE: 04/20/2010 |
| Defendants. | |

COME NOW, the Defendants, OFFICER NATHAN CULVER and OFFICER MICHAEL LEE, and submit the following List of Evidence to be presented at Trial:

1. Officer Report for Incident 0804356
2. District Attorney's Cover Sheet - Arrest Information
3. District Attorney's Disposition Sheet
4. Property Release and Disposition dated May 15, 2008
5. Property/Evidence Tag - Pills
6. Property/Evidence Tag - Cash
7. Arrest Report

-1-
DEFENDANTS' LIST OF EVIDENCE
*ATTACHMENT "B"*

| | | |
|---|---|---|
| 1 | 8. | Probable Cause Declaration for In-Custody Detainees |
| 2 | 9. | Vehicle Report |
| 3 | 10. | Tow Hearing Request Form |
| 4 | 11. | Release of Stored/Impound/Vehicle |
| 5-6 | 12. | Employment records of the Plaintiff, Sergio Villalpando, from Fisher Tile & Marble. |
| 7-10 | 13. | Records of the Worker's Compensation Appeals Board regarding the claim of the Plaintiff, Sergio Villalpando, including, but not limited to deposition testimony and medical records and reports. |

Dated: January 11, 2010           **TONON & ASSOCIATES**

By: /s/Gayle K. Tonon
GAYLE K. TONON, ESQ.
Attorney for Defendants,
OFFICER NATHAN CULVER and
OFFICER MICHAEL LEE

(CCH8002)P011110.evidencelist